UNITED STATES DISTRICT COURT

DISTRICT OF SOUTH DAKOTA

WESTERN DIVISION

| | |
|---|---|
| RAYMOND D. ELLIOTT,<br><br>    Plaintiff,<br><br> vs.<br><br>OCWEN LOAN SERVICING, L.L.C.,<br><br>    Defendant. | CIV. 15-5038-JLV<br><br>ORDER |

  Plaintiff Raymond D. Elliott filed this action against defendant Ocwen Loan Servicing, L.L.C. ("Ocwen"). (Docket 20). The court granted Ocwen's summary judgment motion and entered judgment for Ocwen. (Dockets 54 & 55); see <u>Elliott v. Ocwen Loan Servicing, L.L.C.</u>, No. CV 15-5038, 2017 WL 4103226, at *1-6 (D.S.D. Sept. 12, 2017). The United States Court of Appeals for the Eighth Circuit affirmed. (Dockets 64, 65 & 67); see <u>Elliott v. Ocwen Loan Servicing, L.L.C.</u>, 725 Fed. Appx. 439 (8th Cir. 2018) (per curiam) (unpublished).

  After the Eighth Circuit decision, plaintiff, appearing *pro se*, filed a "motion for quiet title." (Docket 66 at p. 1). The court denied the motion. (Docket 68). After the entry of the order, Mr. Elliott filed a motion for reconsideration, together with three exhibits. (Dockets 69 & 69-1 through 69-3). The court denied Mr. Elliott's motion for reconsideration because it "reargue[d] positions rejected by this court and the Eighth Circuit. . . . It [did] not state a basis for the relief it seeks. This case is closed." (Docket 72).

Six weeks later, Mr. Elliott filed a motion seeking relief from the judgment on the basis "of newly acquired evidence and fraud upon this court within the meaning of Rule 60(b)(3), (4) and (6)[.]" (Docket 73). Attached as an exhibit to Mr. Elliott's motion is a May 20, 2015, Sheriff's Deed and an October 25, 2010, letter. (Docket 73-1). Because of plaintiff's allegations of newly discovered evidence and fraud, the court directed the defendant to file a response to Mr. Elliott's motion. (Docket 75). Before the deadline for filing defendant's response expired, Mr. Elliott filed a motion for a preliminary injunction (Docket 76), a motion for leave to file a second amended complaint, together with the proposed second amended complaint (Dockets 77 & 77-1), and a motion for appointment of counsel (Docket 78). Defendant timely filed its response in opposition to plaintiff's motion for relief from the judgment, together with two exhibits. (Dockets 79, 80-1 & 80-2). Mr. Elliott filed a reply brief, together with one exhibit, in support of his motion for relief from the judgment. (Dockets 81 & 82-1).

Mr. Elliott alleges the newly discovered evidence justifying his request for relief from the judgment in this case is the May 2015 Sheriff's Deed. (Docket 73 at p. 2 ¶ 1) (referencing Docket 73-1 at pp. 1-2). Mr. Elliott asserts his discovery of this deed occurred "recently by mail." Id. ¶ 5. He alleges "[t]his evidence was available from the defendant at the time of deciding the merits and was not disclosed during discovery." Id. ¶ 7. Mr. Elliott alleges the May 2015 deed and the October 2010 letter contradict the other evidence in the case so "there is still much confusion for a lack of information as to the string of ownership [of the promissory note]." Id. ¶ 8 (referencing Docket 73-1 at

2

p. 3). Plaintiff claims these documents constitute an "exceptional circumstance" as "these documents need to be entered into evidence for they are impeaching to the defense's account of events, and the actual list of owners still needs to be discovered." Id. at p. 3 ¶ 9.

Defendant filed a brief with two exhibits in opposition to plaintiff's motion for relief from the judgment. (Dockets 79, 80-1 & 80-2). Defendant's brief sets out an accurate and detailed summary of the facts in this case beginning back in 2006 and continuing through June 2018. (Docket 79 at pp. 2-10).[1] The remainder of defendant's brief references South Dakota rules of civil procedure and state case law. Id. at pp. 11-23. Other than that portion of the brief which discusses the rights acquired as the result of a sheriff's sale, id. at p. 19, the brief is not helpful to the court's resolution of plaintiff's motion because the court must judge plaintiff's motion pursuant to Fed. R. Civ. 60(b).

Plaintiff's reply brief[2] focuses his argument on "the Effective Rescission that Plaintiff made on October 30, 2009." (Docket 81 at p. 1). Mr. Elliott challenges defendant's right, during the period in which Ocwen serviced plaintiff's mortgage, to proceed with a foreclosure proceeding in state court. He claims defendant's statement that Ocwen "purchased a conditional estate to

---

[1]Plaintiff's reply brief does not challenge defendant's summary of the document history in this case. (Docket 81). It was this undisputed statement of facts upon which the court granted defendant's motion for summary judgment. (Docket 53 at pp. 3-5).

[2]Attached to plaintiff's reply brief is a motion to compel defendant's source of funds in underwriting plaintiff's residence, a motion for interpleader and a motion for sanctions. (Docket 81-1 at pp. 19-22 & 25-26).

the Property (not the Note)" is "a gross misconception." Id. at p. 3. Mr. Elliott asserts because "Ocwen allegedly became the owner of all right and title[,] . . . . Ocwen became liable for all [Truth in Lending Act ("TILA"), 16 U.S.C. §§ 1601 *et seq.*] responsibilities. This negates Ocwen's false assertions of being only the 'servicer.'" Id. Thus, plaintiff alleges "Ocwen has deceived the district court for years and has caused untold work and expense for all the participants." Id.

"Rule 60(b) authorizes relief in only the most exceptional of cases." Noah v. Bond Cold Storage, 408 F.3d 1043, 1045 (8th Cir. 2005). The Rule provides:

> (b) Grounds for Relief from a Final Judgment, Order, or Proceeding. On motion and just terms, the court may relieve a party or its legal representative from a final judgment, order, or proceeding for the following reasons:
>
>    (1) mistake, inadvertence, surprise, or excusable neglect;
>
>    (2) newly discovered evidence that, with reasonable diligence, could not have been discovered in time to move for a new trial under Rule 59(b);
>
>    (3) fraud (whether previously called intrinsic or extrinsic), misrepresentation, or misconduct by an opposing party;
>
>    (4) the judgment is void;
>
>    (5) the judgment has been satisfied, released or discharged; it is based on an earlier judgment that has been reversed or vacated; or applying it prospectively is no longer equitable; or
>
>    (6) any other reason that justifies relief.

Fed. R. Civ. P. 60(b).

Mr. Elliott alleges newly discovered evidence which is addressed under Rule 60(b)(2). "To prevail on a motion under 60(b)(2), the movant must show: (1) that the evidence was discovered after trial; (2) that the party exercised due diligence to discover the evidence before the end of trial; (3) that the evidence is material and not merely cumulative or impeaching; and (4) that a new trial considering the evidence would probably produce a different result." Atkinson v. Prudential Property Co., Inc., 43 F.3d 367, 371 (8th Cir. 1994). Plaintiff's claim that the May 2015 Sheriff's Deed constitutes newly discovered evidence is without merit. The May 2015 Sheriff's Deed was a matter of public record, having been filed in the Office of the Register of Deeds of Pennington County, South Dakota. In addition, the Sheriff's Deed was an exhibit presented by defendant to support its motion for summary judgment. See Docket 40-15. The deed does not constitute newly discovered evidence.

If Mr. Elliott is claiming the October 2010 letter constituted newly discovered evidence, that argument fails. The letter was addressed to Mr. Elliott and he does not deny receiving the letter in 2010. The letter does not qualify as newly discovered evidence.

Plaintiff's request for relief under Rule 60(b)(2) is denied.

To prevail on a motion under Rule 60(b)(3), the movant is "required show that the [defendant] engaged in fraud or misrepresentation, *and* that [plaintiff] was prevented from fully and fairly litigating this case." United States v. Metro. St. Louis Sewer District, 440 F.3d 930, 936 (8th Cir. 2006) (emphasis in original). Mr. Elliott claims the non-disclosure of the Sheriff's Deed "shows a fraud upon the court as well as a faulty judgment." (Docket

73 at p. 2 ¶ 6). He further claims the consent order from the South Dakota Department of Labor and Regulation, Division of Banking, "prohibits Ocwen from acquiring any additional real estate mortgages in South Dakota." (Docket 81 at p. 2) (referencing Docket 81-1 at pp. 3-11). Mr. Elliott acknowledges this consent order was "dated April 20, 2017[,]" and that it was entered "four months prior to the District Court's ruling[.]" Id. at pp. 4-5.

Mr. Elliott fails to acknowledge Ocwen "was a servicer of his loan." (Docket 53 at p. 10). "Plaintiff's note was owned by Homecomings, then sold to Residential Funding, who sold it to GMAC and finally Freddie Mac purchased the note from GMAC." Id. at pp. 10-11. "[O]wnership of the note followed a path separate from the servicing of the mortgage." Id. at p. 11. While Ocwen was servicing plaintiff's mortgage during 2013-2015, it never "owned plaintiff's $340,800 note, so defendant cannot be liable under TILA." (Docket 53 at p. 12).

It makes no difference in the court's ruling that Ocwen purchased the property at the sheriff's sale on October 31, 2014. See Docket 73-1 at p. 1. In South Dakota, a sheriff's sale purchaser acquires a conditional equitable estate in the real estate and not an interest in the mortgage or promissory note. "The Sheriff's Certificate is . . . considered an equitable interest in land." Arnoldy v. Mahoney, 791 N.W.2d 645, 654 (S.D. 2010). "A holder of a Certificate of Redemption has equitable title to the land subject to the foreclosed owner's right of redemption." Id. (referencing Wood v. Conrad, 50 N.W. 903, 904 (1892) ("The purchaser acquires a conditional equitable estate, which may become an absolute one by the lapse of time. . . . During the

6

period of redemption, the dry, naked, legal title remains in the judgment debtor, with authority in the sheriff to divest it, at the expiration of the redemption period, by executing a deed to the purchaser."). Ocwen, as the conditional equitable estate purchaser, did not acquire the mortgage, the promissory note or the underlying debt as those are canceled upon completion of the sheriff's sale. Valmont Credit Corp. v. McIlravy, 371 N.W.2d 797, 799 (S.D. 1985) ("Upon the sale, the mortgage debt, to the extent of the proceeds of the sale applicable to its payment, is wiped out, and ceases to exist.") (internal citation omitted).

Whether Ocwen may have violated the consent order of the South Dakota Division of Banking has no impact in this case. If Mr. Elliott has any objections to Ocwen's conduct under the consent order, he should take that up with the South Dakota officials in charge of enforcing the terms of the consent order.

Plaintiff fails to present clear and convincing evidence that a fraud has been perpetrated on the court or that Mr. Elliott was "prevented from fully and fairly litigating this case." Metro. St. Louis Sewer District, 440 F.3d at 936. Plaintiff's request for relief under Rule 60(b)(3) is denied.

Mr. Elliott asserts a Rule 60(b)(4) basis for relief. (Docket 73 at p. 1). Yet, other than his generalized argument that the order granting summary judgment was entered without a legal basis, he articulates no basis for relief under this section. Plaintiff's request for relief under Rule 60(b)(4) is denied.

Relief is available under Rule 60(b)(6) only where "exceptional circumstances prevented the moving party from seeking redress through the

usual channels." Atkinson, 43 F.3d at 373 (citing In re Zimmerman, 869 F.2d 1126, 1128 (8th Cir. 1989)). " 'Exceptional circumstances' are not present every time a party is subject to potentially unfavorable consequences as a result of an adverse judgment properly arrived at. Rather, exceptional circumstances are relevant only where they bar adequate redress." Id. As detailed in each of the previous orders of the court, Mr. Elliott "had a full and fair opportunity to litigate his claim." Id.

Mr. Elliott's argument that Ocwen engaged in presenting a "gross misconception" to the court (Docket 81 at p. 3) is factually and legally wrong. Nothing in the undisputed facts or Mr. Elliott's allegations causes the court to conclude that relief from the judgment is justified. This is not an exceptional case to which Rule 60(b)(6) applies. Noah, 408 F.3d at 1045. Plaintiff's request for relief under Rule 60(b)(6) is denied.

Mr. Elliott's other motions need only be considered if the court reopened the case. Finding no basis for granting relief to plaintiff under Rule 60(b), the court finds plaintiff's remaining motions moot.

**ORDER**

Based on the above analysis, it is

ORDERED that plaintiff's motion for relief from judgment (Docket 73) is denied.

IT IS FURTHER ORDERED that plaintiff's motion for a preliminary injunction (Docket 76), motion for leave to file a second amended complaint, (Docket 77), motion for appointment of counsel (Docket 78), motion to compel (Docket 81-1 at pp. 19-20), motion for interpleader (Docket 81-1 at

pp. 21-22) and motion for sanctions (Docket 81-1 at pp. 25-26) are denied as moot.

Dated May 14, 2019.

BY THE COURT:

/s/ *Jeffrey L. Viken*
JEFFREY L. VIKEN
CHIEF JUDGE